**UNITED STATES of America,**
**Appellee,**

v.

**Shanell HUNTER, Defendant–**
**Appellant.**

**No. 05–6948–cr.**

United States Court of Appeals,
Second Circuit.

April 11, 2008.

Eileen F. Shapiro, Brooklyn, NY, for Appellant.

Sarah Coyne, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney, Susan Corkery, Assistant United States Attorney, Michael P. Beys, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Shanell Hunter appeals from a judgment of conviction entered on December 9, 2005. Following a jury trial, defendant was convicted of distribution and possession with intent to distribute less than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).* Defendant was sentenced to a non-Guidelines sentence consisting principally of a term of twelve years' imprisonment. On appeal, defendant argues that (1) there was insufficient evidence to sustain his conviction; (2) his confession must be suppressed because it was obtained as a result of an unlawful arrest and his *Miranda* waiver was not voluntary; (3) the District Court admitted his statement, "I'm a drug guy," in violation of Federal Rules of Evidence 401, 403, and 404(a); (4) the District Court erred in determining that the Guidelines' career offender enhancement applied to him; and (5) he should be resentenced in light of the Supreme Court's recent decision in *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and

our application of that case in *United States v. Regalado,* 518 F.3d 143 (2d Cir. 2008). We assume the parties' familiarity with the facts and procedural history of the case.

When considering a challenge to the sufficiency of the evidence, we "view the evidence, whether direct or circumstantial, in the light most favorable to the government, crediting every inference that could have been drawn in its favor, and we ... affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *United States v. Rosa,* 11 F.3d 315, 337 (2d Cir.1993) (internal citations omitted). Where a defendant did not raise a sufficiency challenge at the close of evidence, we review this challenge for plain error or manifest injustice. *See, e.g., United States v. Finley,* 245 F.3d 199, 202 (2d Cir.2001). We review a district court's legal conclusions, including its conclusions on the validity of search warrants, *de novo,* and its factual findings for clear error. *See, e.g., United States v. Martin,* 157 F.3d 46, 52 (2d Cir.1998); *United States v. Casado,* 303 F.3d 440, 443 (2d Cir.2002). We review a district court's evidentiary rulings for abuse of discretion. *See, e.g., United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998). We review a district court's imposition of a particular sentence for procedural unreasonableness and substantively under an abuse-of-discretion standard. *See Regalado,* 518 F.3d at 146–48. When a defendant has not raised objections before the District Court, we review the sentence under the plain error standard. *See, e.g., United States v. Carter,* 489 F.3d 528, 537 (2d Cir.2007).

---

* Defendant was charged by way of superceding indictment with one count of distribution and possession with intent to distribute fifty grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). The jury found, however, the relevant drug quantity to be less than five grams of cocaine.

■ We conclude that defendant has failed to establish that there was insufficient evidence to sustain his conviction. In addition to his confession, the government introduced the testimony of at least two witnesses with knowledge of defendant's drug sales during the period alleged in the indictment. Defendant's challenges to the credibility of that testimony attack the weight given to the evidence by the triers of fact and are not properly raised before us. *See United States v. Griffith,* 284 F.3d 338, 348 (2d Cir.2002). ("We ... defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence.").

We also conclude that the District Court did not err in admitting defendant's post-arrest confession. The District Court observed that the affidavit supporting the arrest warrant may have been infirm but concluded that the search was nonetheless valid because the good faith exception to the exclusionary rule applied. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We agree. There is no evidence to suggest that the agents and officers involved in the search acted in bad faith. *See id.* Defendant's argument, made for the first time on appeal, that the government omitted the potentially exculpatory fact that he resided at the same address where the murder allegedly occurred is not to the contrary. Defendant has failed to allege, much less establish, that the Government was aware of this fact at the time the arrest warrant was issued. *See, e.g., United States v. Reilly,* 76 F.3d 1271, 1280 (2d Cir.1996) ("For the good faith exception to apply, the police must reasonably believe that the warrant was based on a valid application of the law to the known facts."). We conclude, moreover, that the District Court's determination that defendant's waiver of

his *Miranda* rights was knowing and voluntary was not error.

■ In addition, we hold that the District Court did not abuse its discretion in admitting defendant's statement "I'm a drug guy." This statement was relevant to the charges he faced within the meaning of Federal Rule of Evidence 401. Any potential prejudice was limited by the exclusion of portions of the statement relating to the uncharged murder, thereby satisfying the requirements of Rule 403. Finally, the statement was properly admitted as an admission to the charged crime and was not propensity evidence derived from uncharged conduct. The statement, made in 2002 in response to questioning about his behavior in 2000, was an admission of his drug-related conduct in 2000. *See* Fed.R.Evid. 801(d)(2). Accordingly, the statement was not impermissible propensity evidence within the meaning of Rule 404(a).

We reject as lacking in merit defendant's argument that there was insufficient documentation before the District Court to establish that his 1994 conviction involved a felony and not a lesser-included offense. Defendant did not raise this challenge before the District Court. The Court found that his 1994 conviction was a felony conviction based on the conclusions of the Presentence Report and defendant's admission to that conviction in his July 7, 2005 sentencing submission. Defendant has provided no basis for his speculation that the 1994 conviction could have resulted from a plea to a lesser-included offense rather than to the charged felony. Accordingly, the District Court's reliance on the Presentence Report was not error, much less plain error.

Finally, because defendant was sentenced under the 2005 crack cocaine Guidelines, the parties agree that the sen-

tence should be vacated and the cause remanded for a determination in accordance with our opinion in *Regalado,* 518 F.3d at 149–50.

The judgment of the District Court is **AFFIRMED IN PART** (with respect to all substantive challenges to his conviction and the challenge to his sentence based on the criminal history calculation) and **RE-MANDED IN PART** (with respect to those aspects of the sentence that raise a colorable claim under *Kimbrough*) for proceedings consistent with this order.